# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD C. HUGHES, | CASE NO. 1:11-cv-00750-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| BRIAN MULLER, et al., | (Doc. 1) |
| Defendants. | THIRD-DAY DEADLINE |
| _____/ | |

### First Screening Order

**I.    Screening Requirement and Standard**

Plaintiff Bernard C. Hughes, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 10, 2011.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's

1

1  allegations are taken as true, courts "are not required to indulge unwarranted inferences." <u>Doe I v.</u>

2  <u>Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

3  omitted).

4         Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

5  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

6  higher, <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive

7  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to

8  allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,

9  <u>Iqbal</u>, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); <u>Moss v. U.S. Secret Service</u>, 572

10  F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not

11  sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. <u>Iqbal</u>,

12  556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); <u>Moss</u>, 572 F.3d at 969.

13  **II.    <u>Discussion</u>**

14         **A.    <u>Allegations</u>**

15         Plaintiff, who is currently incarcerated at Deuel Vocational Institution in Tracy, California,

16  brings this suit against Sheriff Brian Muller, Undersheriff Douglas Binnewies, Lieutenant Susan

17  Brent, and Captain Joel Bibby for violating his rights under the United States Constitution while he

18  was a pretrial detainee at the Mariposa County Jail.

19         Plaintiff alleges that for fifteen years, the Mariposa County Sheriff's Department has had the

20  ability to monitor and record conversations.  During the course of Plaintiff's criminal trial,

21  information obtained from Plaintiff's private conversations with his attorney and psychiatrist were

22  leaked.  Plaintiff was unsure how the information was obtained until he later learned of the Sheriff

23  Department's ability to monitor and record conversations.

24         Plaintiff alleges that he filed a grievance and his request that the monitoring of legal visits

25  be discontinued was denied by Defendant Brent.  Defendant Bibby later granted Plaintiff's request

26  in writing, but his grievance seeking further safeguarding of conference rooms was subsequently

27  denied by Defendants Muller and Binnewies.

28  ///

**B.** **Sixth Amendment Claim**

Plaintiff was found guilty of criminal charges against him and sentenced to 88 years to life in prison in early 2011.[1]  Although Plaintiff's complaint is short on factual detail, it appears that the information obtained through monitoring and/or recording his conversations with his attorney and psychiatrist was used against him in his criminal trial.

The Sixth Amendment is meant to assure fairness in the adversary criminal process, and Plaintiff's Sixth Amendment right to counsel attached when the government initiated adversarial proceedings against him. United States v. Danielson, 325 F.3d 1054, 1066 (9th Cir. 2003) (quotation marks omitted).  Improper interference by the government with the confidential relationship between a criminal defendant and his counsel violates the Sixth Amendment where the interference substantially prejudices the defendant. Danielson, 325 F.3dd at 1069 (citation and quotation marks omitted).  As a result, Plaintiff may be able to show a constitutional violation if evidence that was improperly obtained through governmental inference was introduced at trial. Id.

However, it has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005).  Often referred to as the favorable termination rule, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81.  Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-2.

///

///

---

[1] The Court takes judicial notice of Plaintiff's habeas petition filed in case number 1:11-cv-01299-GSA Hughes v. Mariposa County Superior Court.

1    Here, Plaintiff's claim appears to be that information improperly obtained in violation of the

2    Sixth Amendment was used to convict him.  If so, Plaintiff's claim is barred and his sole recourse

3    lies with habeas corpus.  Id.

4    **III.    Conclusion and Order**

5    Plaintiff's complaint fails to state a claim under section 1983.  The Court will provide

6    Plaintiff with one opportunity to file an amended complaint, if he believes in good faith he can cure

7    the deficiency identified above.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v.

8    Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by

9    adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th

10   Cir. 2007) (no "buckshot" complaints).

11   Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

12   each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

13   U.S. at __, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be

14   [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555

15   (citations omitted).

16   Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114

17   F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be

18   "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

19   Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

20   amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,

21   644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

22   Based on the foregoing, it is HEREBY ORDERED that:

23   1.    The Clerk's Office shall send Plaintiff a complaint form;

24   2.    Plaintiff's complaint is dismissed for failure to state a claim upon which relief may

25         be granted under section 1983;

26   3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

27         amended complaint; and

28   ///

4

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, without prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:    March 8, 2012**                                      **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE

5