# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD C. HUGHES, | CASE NO. 1:11-cv-00750-SKO PC |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| BRIAN MULLER, et al., | (Doc. 11) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |
| _____/ | |

**Second Screening Order**

**I.      Screening Requirement and Standard**

Plaintiff Bernard C. Hughes, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 10, 2011.  On March 8, 2012, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim under section 1983.  Plaintiff filed an amended complaint on April 5, 2012.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2  do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic

3  Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to

4  indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

5  (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal

6  conclusions are not.  Iqbal, 556 U.S. at 678.

7  　　　　Under section 1983, Plaintiff must demonstrate that each defendant personally participated

8  in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires

9  the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S.

10  at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of

11  misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d

12  at 969.

13  　　　　Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

14  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

15  higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive

16  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to

17  allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,

18  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969

19  (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

20  consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678

21  (quotation marks omitted); Moss, 572 F.3d at 969.

22  **II.　　Discussion**

23  　　　　**A.　　Allegations**

24  　　　　Plaintiff, who is currently incarcerated at Deuel Vocational Institution in Tracy, California,

25  brings this suit against Sheriff Brian Muller, Undersheriff Douglas Binnewies, Lieutenant Susan

26  Brent, and Captain Joel Bibby for violating his rights under the United States Constitution while he

27  was a pretrial detainee at the Mariposa County Jail.

28  ///

1   Plaintiff alleges that he was acting as his own attorney in three criminal cases.  Plaintiff was

2   granted stand-by counsel during pretrial proceedings and he had an appointed investigator, whom

3   he used to investigate all three cases against him.  Plaintiff alleges that approximately forty times,

4   Defendants Muller and Brent forced him to use an interview room to communicate with his attorney

5   and investigator which had been equipped to monitor and record conversations.  Plaintiff alleges that

6   the room was used to obtain information, impede his access to the courts, and interfere with his

7   investigation.  Plaintiff alleges that he was prevented from effectively communicating with his

8   attorney, investigator, and psychiatrists, which compromised his investigations and the fairness of

9   his one trial, identified as case number 7045.  Charges against him in case numbers 7106 and 7723,

10  which arose out of jail disciplinary issues, were ultimately dropped.  Plaintiff alleges that staff who

11  were witnesses in the cases had unlimited access to his private consultations with witnesses and legal

12  consultants for over one year.

13   Plaintiff appealed the regulation so that his attorney would be able to "hang up phones" and

14  turn off the monitor/intercom, but the appeal was denied by Defendant Brent. (Amend. Comp., p.

15  5.)  Defendant Bibby later granted Plaintiff's appeal but further safeguards were denied by all

16  defendants.  Plaintiff's legal consultants were required to use that interview room even after his

17  appeal and conversations were monitored.  Plaintiff alleges that he was denied his right to

18  confidentially prepare his cases, which hindered his pursuit of legal claims and constituted

19  "deliberate indifference" in his three legal cases.

20   **B.   Sixth Amendment Claim**

21   Standing alone, attorney-client privilege is merely a rule of evidence and not a constitutional

22  right. Partington v. Gedan, 961 F.2d 852, 863 (9th Cir. 1992) (citing Clutchette v. Rushen, 770 F.2d

23  1469, 1471 (9th Cir. 1985)) (quotation marks omitted).  Thus, violation of the attorney-client

24  privilege implicates the Sixth Amendment right to counsel only under certain circumstances.

25  Partington, 961 F.2d at 863 (quotation marks omitted).  The Sixth Amendment is meant to assure

26  fairness in the adversary criminal process, and the Sixth Amendment right to counsel, which includes

27  the right to self-representation, attaches when the government initiates adversarial proceedings.

28  United States v. Danielson, 325 F.3d 1054, 1066 (9th Cir. 2003) (quotation marks omitted).

3

1      Improper interference by the government with the confidential relationship between a

2   criminal defendant and his counsel violates the Sixth Amendment where the interference

3   substantially prejudices the defendant. Williams v. Woodford, 384 F.3d 567, 584-85 (9th Cir. 2004);

4   Danielson, 325 F.3dd at 1069 (citation and quotation marks omitted).  As a result, a constitutional

5   violation may be shown if evidence that was improperly obtained through governmental inference

6   is introduced at trial.  Williams, 384 F.3d at 585; Danielson, 325 F.3dd at 1069.

7      However, it has long been established that state prisoners cannot challenge the fact or

8   duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus

9   relief.  Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005).  Often referred to as the

10  favorable termination rule, this exception to section 1983's otherwise broad scope applies whenever

11  state prisoners "seek to invalidate the duration of their confinement - either directly through an

12  injunction compelling speedier release or indirectly through a judicial determination that necessarily

13  implies the unlawfulness of the State's custody."  Wilkinson, 544 U.S. at 81.  Thus, "a state

14  prisoner's [section] 1983 action is barred (absent prior invalidation) - no matter the relief sought

15  (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to

16  conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate

17  the invalidity of confinement or its duration."  Id. at 81-2.

18      In one case, Plaintiff was found guilty of criminal charges against him and sentenced to 88

19  years to life in prison in early 2011, and in its first screening order, the Court stated, "Although

20  Plaintiff's complaint is short on factual detail, it appears that the information obtained through

21  monitoring and/or recording his conversations with his attorney and psychiatrist was used against

22  him in his criminal trial."[1]  (Doc. 10, 3:3-5.)  The Court further noted that, "Here, Plaintiff's claim

23  appears to be that information improperly obtained in violation of the Sixth Amendment was used

24  to convict him.  If that is so, Plaintiff's claim is barred and his sole recourse lies with habeas corpus."

25  (Doc. 10, 4:1-3.)

26  ///

27

28      [1] The Court takes judicial notice of Plaintiff's habeas petition filed in case number 1:11-cv-01299-GSA
Hughes v. Mariposa County Superior Court.

4

1    In an attempt to save his Sixth Amendment claim, Plaintiff clarifies in his amended

2  complaint that charges were dropped in case numbers 7106 and 7723, and that he is not appealing

3  from the judgment in case number 7045.  As to the first two cases, Plaintiff's Sixth Amendment

4  claim fails as a matter of law in as much as charges were dropped and he cannot show substantial

5  prejudice.  Williams, 384 F.3d at 585; Danielson, 325 F.3d at 1069.  Regarding the third case,

6  number 7045, while Plaintiff asserts that he is not appealing from the judgment, a finding that

7  Plaintiff was substantially prejudiced in his ability to defend himself, which is the basis for his claim,

8  would necessarily imply the invalidity of his criminal conviction and the claim is therefore not

9  cognizable under section 1983 claim.  Wilkinson, 544 U.S. at 81-2.

10    **C.    Deliberate Indifference Claim**

11    Plaintiff also alleges a claim of "deliberate indifference."   Although conditions of

12  confinement claims brought by pretrial detainees are analyzed under the Due Process Clause of the

13  Fourteenth Amendment rather than under the Cruel and Unusual Punishments Clause of the Eighth

14  Amendment, the Eighth Amendment's deliberate indifference standard sets the minimum standard

15  of care due pretrial detainees.  Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir.

16  2003).

17    Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison

18  officials may be held liable only if they acted with "deliberate indifference to a substantial risk of

19  serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The deliberate indifference

20  standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in

21  objective terms, "sufficiently serious . . . ."  Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970

22  (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)).  Second, the prison

23  official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Farmer,

24  511 U.S. at 837.

25    That Plaintiff's conversations were monitored does not support a claim of "deliberate

26  indifference."  In the absence of (1) an objectively serious risk of harm to Plaintiff's health or safety

27  and (2) the requisite state of mind, which is deliberate indifference, Plaintiff's claim fails as a matter

28  of law.

**III.    Conclusion and Order**

Plaintiff's amended complaint fails to state a claim under section 1983 for violation of the Sixth Amendment or for conditions of confinement which violated the Due Process Clause of the Fourteenth Amendment.  Given the deficiencies at issue, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED that:

1.    This action is dismissed for failure to state a claim under section 1983 as follows:

    a.    Plaintiff's Sixth Amendment claim relating to case numbers 7106 and 7723 is dismissed, with prejudice;

    b.    Plaintiff's Sixth Amendment claim relating to case number 7045 is dismissed, without prejudice; and

    c.    Plaintiff's claim of deliberate indifference, brought under the Due Process Clause of the Fourteenth Amendment, is dismissed, with prejudice; and

2.    This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).


IT IS SO ORDERED.

**Dated:    November 1, 2012**                 /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE